Judge Owsley
delivered the Opinion of the Court.
Absent Chief Justice Bibb.
In conformity to an agreement between Shield and Thompson, the parties mutually exectuted a writing wherein it is stated, “that Slack doth bargain and sell to the said Thompson, one hundred acres of land, lying and situated on the waters of Clark’s run, being a part of a pre-emption Warrant surveyed and located in the name of George Clarke, beginning &c. &c. The aforesaid land and premises, together with its appurtenances, to be in the quiet and peaceable possession of the said Thompson, his heirs and assigns forever, without any let, hinderance, suit, trouble or molestation whatever.”
The writing hears dates the 24th day of Juno, 1808, and upon the hack thereof, is indorsed the following memorandum, to wit:
"Whereas I have a mortgage of John Clarke, for one bundled acres of land, on which his mill stands, for securing the conveyance and title of the one hundred acres, sold by this agreement to Joseph Thompson—Now I agree and bind myself to transfer said mortgage to said Thompson, as soon as he pays to me, the amount of his notes, of this date—Witness my hand and seal, this first day of June, 1809 Jacob Slack.”
Bill for conveyance by Thompson, and decree.
Questions stated.
An instrument signed by the parties stating that one of the parties “doth bargain and sell", a tract of land, describing it, and that the same shall be in the quiet possession of the vendee, construed to be a convenant to convey with general warranty.
To obtain a conveyance foe the one hundred acres described in the writing, executed by Slack and Thompsons the latter exhibited his bill in equity, against the former and others, and finally succeeded in obtaining a decree of the circuit court, ordering Slack to make a conveyance by deed, with general warranty, &c.
The question is, whether or not according to the contract between the parties, Thompson has a right to demand, and Slack is bound to convey the land by deed, with general warranty?
Slack contends that he undertook to make no deed and is bound to do nothing, but assign the mortgage which ho holds on Clarke, to secure the title. And on the part of Thompson, it is insisted that by the agreement of the 24th of June, 1808, Slack is bound to convey by deed with general warranty; and that by the subsequent agreement of the 1st June, 1809, the mortgage on Clarke was to he assigned by Slack, as an additional security of the title.
We cannot admit the correctness of the construction contended for by Slack, By the agreement of the 24th June, 1808, he appears not only to have sold the land to Thompson, but he more-over stipulated that Thompson, his heirs &c. should quietly enjoy the possession thereof, forever. The purchase of Thompson was, therefore, a contract for the fee simple estate in the land, and it is not to be presumed, that in contracting about such an interest, either party intended no conveyance should be made of the title, it is more probable that it was understood by the contracting parties, that whatever might be necessary to pass the inheritance and secure to Thompson and his heirs the title, should thereafter be done by Slack. Such would, most probably, be the understanding of plain men, uninfluenced by legal niceties and technicalities, when entering into such a contract, and such we understand to be the fair import of the agreement of 1808.
We think therefore, that Slack is bound by that agreement to convey the title, and under his stipu *464 lation for the quiet enjoyment of the possession by Thompson and his heirs, we apprehend, the conveyance should be by deed with general warranty.
An endorsement on a covenant to convey land is not affected by an endorsement obliging the covenantor to assign a mortgage on his vendor to the covenantee to secure the title.
Crittenden, Depew and Brown for plaintiff; Mayes for defendant.
Nor are we of opinion, that the liability of Slack as resulting the agreement of 1808, has in any degree been diminished by the subsequent agreement c of 1809. By that latter agreement Slack undertook assign, the mortgage, which he held upon Clarke, but it is obvious from the terms oi that agreement, that it was not intended thereby, to release Slack from any existing liability.
The decree must be affirmed with cost.